UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 21-CR-392-RCL |
| | : | |
| v. | : | |
| | : | |
| ERIK SCOTT WARNER, | : | |
| FELIPE ANTONIO "TONY" | : | |
| MARTINEZ, | : | |
| DEREK KINNISON, and | : | |
| RONALD MELE, | : | |
| | : | |
| Defendants. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT MARTINEZ'S MOTION FOR LESSER-INCLUDED OFFENSE INSTRUCTION

Defendant Tony Martinez urges the Court (ECF No. 338) to instruct the jury that it may find the defendants guilty of a violation of 18 U.S.C. § 1512(d) as a lesser-included offense of 18 U.S.C. § 1512(c)(2), which is charged in Count Two. Because Section 1512(d) is not a lesser-included offense of Section 1512(c)(2), such an instruction is not appropriate.

### BACKGROUND

Martinez and his codefendants participated in the attack in the United States Capitol on January 6, 2021. On May 11, 2023, the grand jury returned a second superseding indictment, charging all defendants with violations of, among other statutes, 18 U.S.C. §§ 1512(k) (conspiracy to obstruct an official proceeding) and 1512(c)(2) (obstruction of an official proceeding).

On September 22, 2023, the parties submitted proposed jury instructions in this case as part of their Joint Pretrial Statement. ECF No. 328. On October 4, 2023, Martinez filed a motion arguing that Section 1512(d) constitutes a lesser-included offense of Section 1512(c)(2), and that the jury should be so instructed. ECF No. 338. No such lesser-included instruction has been provided in any case charging a violation of Section 1512(c)(2) in connection with the January 6

Capitol attack. *See, e.g.*, *United States v. Leo Kelly*, No. 21-cr-708, ECF No. 101 at 8–10 (D.D.C. May 8, 2023); *United States v. Nordean*, No. 21-cr-175, ECF No. 767 at 30–32 (D.D.C. Apr. 26, 2023); *United States v. Rhodes*, No. 22-cr-15, ECF No. 396 at 26–32 (D.D.C. Nov. 18, 2022).

## DISCUSSION

A defendant may be adjudicated guilty of "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). One offense is "necessarily included" in another where "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). Determining whether one offense is "necessarily included" in another requires "the trial court [to] break down each offense by reference to its elements, without looking to how the offense may have been committed in the particular case, and ask whether it would be impossible to commit the higher offense without also committing the lower offense." Wayne R. LaFave et al., 6 Crim. Proc. § 24.8(e) (4th ed. 2022).

Applying the elements test to the two statutes in question here demonstrates that Section 1512(d) is not a lesser-included offense of Section 1512(c)(2). Establishing a violation of Section 1512(c)(2) requires proof that the defendant:

(1) "attempted to or did obstruct or impede an official proceeding";

(2) "intended to obstruct or impede the official proceeding";

(3) "acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding"; and

(4) "acted corruptly."

*United States v. Hostetter*, No. 21-cr-392-1 (RCL), ECF No. 275 at 6 (D.D.C. July 13, 2023); *see also Kelly*, No. 21-cr-708, ECF No. 101 at 9.

In contrast, establishing a violation of Section 1512(d) requires proof that:

(1) the defendant intentionally harassed another person;

(2) the defendant's harassment of another person had the effect of hindering, delaying, or dissuading any person from taking certain action;

(3) the person hindered, delayed, or dissuaded was hindered, delayed, or dissuaded from attending or testifying in an official proceeding.[1]

18 U.S.C. § 1512(d).

Comparing the elements of the two statutes demonstrates that these statues are unlike those at it issue in the cases on which Martinez relies involving differing drug quantities but otherwise substantively identical elements. *See* ECF No. 338 at 4 (citing *United States v. Thompson*, 994 F.2d 864, 865 (D.C. Cir. 1993) and *United States v. Thornton*, 746 F.2d 39, 47 (D.C. Cir. 1984)). In particular, Section 1512(c)(2) and Section 1512(d) differ at the first element. Specifically, Section 1512(c)(2) focuses on "how a defendant acts, not how he causes another person to act." *United States v. Nordean*, 579 F. Supp. 3d 28, 49 (D.D.C. 2021). In that respect, Section 1512(c)(2) criminalizes "actions directed at the official proceeding itself." *United States v. Montgomery*, 578 F. Supp. 3d 54, 72 (D.D.C. 2021). By contrast, Section 1512(d) requires that a defendant have intentionally harassed another person. *See id.* at 77. It follows that Section 1512(d) does not comprise merely a "subset" of the elements required in Section 1512(c)(2). *See United States v. Wheeler*, 753 F.3d 200, 209 n* (D.C. Cir. 2014) ("If the elements of one crime (Crime

---

[1] Section 1512(d) includes four prongs addressing different actions. See § 1512(d)(1)-(4). The one listed above is the closest match to the facts at issue here.

A) 'are a subset of the elements' of another crime (Crime B), then Crime A is a lesser included offense of Crime B.").

Martinez repeatedly suggests that the government has conceded that Section 1512(d) is a lesser-included offense of Section 1512(c)(2). That is inaccurate. In acknowledging that Section 1512(d)(1) "is akin to a lesser-included offense of Section 1512(c)(2)," Gov't Bill of Particulars and Supp. Filing on 18 U.S.C. § 1512(c)(2), *United States v. Reffitt*, No. 21-cr-32, ECF No. 71 at 11 (D.D.C. Dec. 2, 2021), the government merely acknowledged the uncontroversial fact that—under some circumstances—a defendant's particular actions could be encompassed by both Section 1512(c)(2) and Section 1512(d). That is, a defendant could harass another person and thereby hinder that person from attending an official proceeding (which would violate Section 1512(d)), while also acting corruptly and otherwise satisfying the elements of Section 1512(c)(2). But the Supreme Court in *Schmuck* rejected a lesser-included offense test that considered the relevant facts or the evidence adduced at trial to determine whether the two offenses bear an "inherent relationship" to one another. *See* 489 U.S. at 715–16; *see also* 6 Crim. Proc. § 24.8(e) (explaining that federal courts adopt the elements-test to determine whether one offense is a lesser-included offense to another, while noting that other courts have used "cognate-pleadings" or "evidentiary" approaches, which instead focus on the particular pleadings or evidence in a given case). Thus, following discussion between government counsel and Judge Friedrich about Section 1512(d) in *Reffitt*, the jury instructions in that case did ***not*** list Section 1512(d) as a lesser-included offense of Section 1512(c)(2). *See United States v. Reffitt*, No. 21-cr-32, ECF No. 119 at 25–29 (D.D.C. Mar. 7, 2022).

In the recent trial of the leadership of the Proud Boys, defendant Ethan Nordean advanced the same argument advanced by Martinez here. *See Nordean*, No. 21-cr-175, ECF No. 558

4

(D.D.C. Nov. 29, 2022). Judge Kelly denied the request and did not include an instruction on a lesser included offense to Section 1512(c)(2). *See Nordean*, No. 21-cr-175, ECF No. 767 at 26–32 (D.D.C. Apr. 26, 2023). The same approach is warranted here.

## CONCLUSION

For the foregoing reasons, this Court should deny Martinez's motion for a lesser-included offense instruction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
JASON M. MANNING
NY Bar No. 4578068
ANTHONY W. MARIANO
MA Bar No. 688559
Trial Attorneys, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 514-6256
Jason.Manning@usdoj.gov
(202) 476-0319
Anthony.Mariano2@usdoj.gov