## Daniel Cook

| | |
|---|---|
| **From:** | Daniel Cook |
| **Sent:** | Friday, November 3, 2023 5:25 PM |
| **To:** | Manning, Jason (CRM); Mariano, Anthony (USASPC); Parker, Terence (USADC); kiraannewest_gmail.com; Nicholas Smith; nic@cocislaw.com; Steven Bailey |
| **Cc:** | Samantha Calloway |
| **Subject:** | The Court's Proposed Jury Instructions |
| **Attachments:** | 21-CR-392 - The Court's Proposed Final Jury Instructions.docx |

Counsel,

Please find attached the Court's proposed jury instructions. Judge Lamberth has reviewed your jointly proposed instructions, objections, and pertinent motions. These proposed instructions already reflect how Judge anticipates resolving your objections and motions. Judge will issue an oral ruling on Monday, formally resolving your objections and motions.

Please review and flag issues for the Court not already addressed by your previous objections and motions, as well as any errors. Additionally, please provide exhibit numbers for the instruction pertaining to exhibits admitted only against a particular defendant.

Thank you.

Best,
Daniel

*Let this be filed.*
*Royce C. Lamberth*
*U.S.D.J. 11/6/23*

**Daniel Cook**
Law Clerk to the Honorable Royce C. Lamberth
U.S. District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, D.C. 20001
(202) 354-3388
Daniel_Cook@dcd.uscourts.gov

1

**Daniel Cook**

| | |
|---|---|
| From: | Nicholas Smith <nds@davidbsmithpllc.com> |
| Sent: | Sunday, November 5, 2023 3:18 PM |
| To: | Daniel Cook |
| Cc: | Manning, Jason (CRM); Mariano, Anthony (USASPC); Parker, Terence (USADC); kiraannewest_gmail.com; nic@cocislaw.com; Steven Bailey; Samantha Calloway |
| Subject: | Re: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

Chambers,

Thank you for sending the Court's proposed instructions. Martinez proposes the edits set out below in green font.

The first two concern the conspiracy instruction. It appears that in certain places the current language would permit the jury to find guilt on facts that fall short of an agreement to commit the crime of obstruction of an official proceeding. One line states that the government may prove something short of an agreement ("mutual understanding or agreement"). Another states that conspiracy is proven where the government establishes an agreement to achieve the "overall objectives" of the charged conspiracy, which may imply something other than the substantive offense charged in Count Two. The point that a conspiratorial agreement need not be in writing and need not involve all the details is made elsewhere in the instruction.

The last edit concerns the limiting instructions. Instead of using exhibit numbers, Martinez proposes using verbal descriptions of evidence categories. For example, "Evidence of Mr. Mele's Facebook messages." That way, the jury will clearly understand what the instructions are referring to. If the parties only use exhibit numbers, the instruction may be lost on the jury. Thank you.

P. 10:
The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at an ~~mutual understanding or~~ agreement, either explicitly or implicitly, to work together to ~~achieve the overall objectives of the conspiracy~~ commit the crime that is charged substantively in Count Two.

P. 10:
What the United States must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement~~, including a mutual understanding, or meeting of the minds to try~~ to accomplish ~~a common and unlawful objective~~ the offense charged substantively in Count Two.

P. 9:
Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants. That evidence includes the following:

Evidence of Facebook messages by Mr. Mele, which are admitted only as to Mr. Mele.

Evidence of firearms, which are admitted only as to Mr. Mele and Mr. Kinnison.

Evidence of Mr. Kinnison's communications with Stuart Rhoedes and the Oath Keepers, which are admitted only as to Mr. Kinnson.

1

Evidence of text communications between specifically identified individuals, which are admitted only as to the defendants who received those text messages.

Nick Smith
917-902-3869

**Daniel Cook**

| | |
|---|---|
| From: | Nic Cocis <nic@cocislaw.com> |
| Sent: | Sunday, November 5, 2023 3:40 PM |
| To: | Daniel Cook; Manning, Jason (CRM); Mariano, Anthony (USASPC); Parker, Terence (USADC); kiraannewest_gmail.com; Nicholas Smith; Steven Bailey |
| Cc: | Samantha Calloway |
| Subject: | RE: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

Mr. Cook, regarding Counts 7 & 8 (Tampering with Documents or Proceedings) the Second Superseding Indictment alleges that Kinnison and Warner "erased and obscured the DC Brigade Telegram chat" rather than the much broader "record, document, and other object" language in the proposed jury instructions. Kinnison and Warner believe that the broader language could be misunderstood by the jury to include not just the DC Brigade but other deleted text messages or chat posts which were not the subject of the indictment. In other words, the jury could find then guilty on the basis of a deleted text or chat post which was not the subject of the Indictment.

Kinnison and Warner request that the proposed jury instructions track the language of the indictment.

Best regards,

Nic Cocis,
Attorney
**Law Office of Nicolai Cocis**
25026 Las Brisas Rd.
Murrieta, CA 92562

Tel:   (951) 695-1400
Fax:  (951) 744-0079

Web:       www.CocisLaw.com

PRIVACY NOTICE: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, be advised that the disclosure, copying, distribution or use of the above-referenced content is prohibited. If you have received this communication in error, please notify us immediately via telephone or e-mail, and destroy all copies of this message and any attachments.

# Daniel Cook

| | |
|---|---|
| **From:** | Kira West <kiraannewest@gmail.com> |
| **Sent:** | Sunday, November 5, 2023 8:19 PM |
| **To:** | Nicholas Smith |
| **Cc:** | Daniel Cook; Manning, Jason (CRM); Mariano, Anthony (USASPC); Parker, Terence (USADC); nic@cocislaw.com; Steven Bailey; Samantha Calloway |
| **Subject:** | Re: The Court's Proposed Jury Instructions |

CAUTION - EXTERNAL:

Chambers,
I concur with Mr. Smith's limiting instruction idea.
Kira

## Daniel Cook

| | |
|---|---|
| From: | Manning, Jason (CRM) <Jason.Manning@usdoj.gov> |
| Sent: | Sunday, November 5, 2023 10:54 PM |
| To: | Nic Cocis; Daniel Cook; Mariano, Anthony (USASPC); Parker, Terence (USADC); kiraannewest_gmail.com; Nicholas Smith; Steven Bailey |
| Cc: | Samantha Calloway |
| Subject: | RE: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

Mr. Cook,

The Government agrees with Mr. Cocis's request, on behalf of defendants Kinnison and Warner, that the jury instructions for the 1512(c)(1) counts (which are numbered as Counts 5 and 6) should specify that the defendants are specifically charged with erasing and obscuring the DC Brigade Telegram chat. The Government also proposes that the instruction for those Counts specify that the conduct occurred between on or about January 6, 2021, and February 19, 2021. The draft instructions at page 24 refer to the time period alleged in the indictment, but we understand that the Court agrees with the joint recommendation of the parties that the jury not be given the indictment, so we recommend specifying the date of the substantive charges in the jury instructions.

At page 3, there is a paragraph about judicial notice, which the Government does not believe relates to this case, and which can be removed.

At page 8, there are two paragraphs that reference statements in explanations of their actions by defendants Martinez, Kinnison, and Mele. The Government believes those paragraphs are correct because they encompass the statements by Martinez to the FBI and the testimony in court by Kinnison and Mele. There is a third paragraph that references statements made to the police by Martinez, Kinnison, and Mele. It begins with the sentence, "You have heard evidence that Mr. Warner, Mr. Martinez, and Mr. Mele made statements to the police about the crime charged." We believe the trial evidence only encompassed statements by Martinez to police, and that the references to Kinnison and Mele in this paragraph should be removed.

The Government does not agree with Mr. Smith's requests, on behalf of defendant Martinez, to modify the proposed instruction on the conspiracy charge. The Government and the defendants also disagree with respect to limiting instructions. We will be prepared to address those issues with the Court in the morning.

Thank you.

Sincerely,

Jason Manning
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
Bond Building, 1400 New York Ave., NW
Washington, DC 20005
(202) 514-6256 (desk)
(202) 436-5364 (mobile)

1

**Daniel Cook**

| | |
|---|---|
| From: | Mariano, Anthony (USASPC) <Anthony.Mariano2@usdoj.gov> |
| Sent: | Monday, November 6, 2023 7:35 AM |
| To: | Manning, Jason (CRM); Nic Cocis; Daniel Cook; Parker, Terence (USADC); kiraannewest_gmail.com; Nicholas Smith; Steven Bailey |
| Cc: | Samantha Calloway |
| Subject: | RE: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

Mr. Cook,

For limiting instructions, the United States will propose the following:

- 1. Exhibits 502 through 506, 508, 511 through 513, and 537 through 539, which are admitted only as to Mr. Warner.

- 2. Exhibits 702 through 703, 705 through 724, 779.03 through 779.06, and 906, which are admitted only as to Mr. Kinnison.

We submit that other exhibits are admissible against all defendants.

Best regards,

Anthony

## Daniel Cook

| | |
|---|---|
| From: | Kira West <kiraannewest@gmail.com> |
| Sent: | Monday, November 6, 2023 7:57 AM |
| To: | Mariano, Anthony (USASPC) |
| Cc: | Manning, Jason (CRM); Nic Cocis; Daniel Cook; Parker, Terence (USADC); Nicholas Smith; Steven Bailey; Samantha Calloway |
| Subject: | Re: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

We object. We will argue for Mr. Smith's proposal. Also, I am requesting 538 and 539 from the gov't, as I did yesterday, as they do not appear on USAFX.

Kira

> On Nov 6, 2023, at 7:34 AM, Mariano, Anthony (USASPC) <Anthony.Mariano2@usdoj.gov> wrote:
>
> Mr. Cook,
>
> For limiting instructions, the United States will propose the following:
>
> - 1. Exhibits 502 through 506, 508, 511 through 513, and 537 through 539, which are admitted only as to Mr. Warner.
>
> - 2. Exhibits 702 through 703, 705 through 724, 779.03 through 779.06, and 906, which are admitted only as to Mr. Kinnison.
>
> We submit that other exhibits are admissible against all defendants.
>
> Best regards,
>
> Anthony

1

## Daniel Cook

| | |
|---|---|
| From: | Kira West <kiraannewest@gmail.com> |
| Sent: | Monday, November 6, 2023 8:00 AM |
| To: | Manning, Jason (CRM) |
| Cc: | Nic Cocis; Daniel Cook; Mariano, Anthony (USASPC); Parker, Terence (USADC); Nicholas Smith; Steven Bailey; Samantha Calloway |
| Subject: | Re: The Court's Proposed Jury Instructions |

**CAUTION - EXTERNAL:**

Mr. Cook,
We object to the government amending their indictment after the evidence is in. The jury instruction should track the indictment. Can't get any more black letter than that.
I agree about the judicial notice. I do not recall the Court taking any judicial notice.
I don't have standing on the rest.
Thanks,
Kira

> On Nov 5, 2023, at 10:53 PM, Manning, Jason (CRM) <Jason.Manning@usdoj.gov> wrote:
>
> Mr. Cook,
>
> The Government agrees with Mr. Cocis's request, on behalf of defendants Kinnison and Warner, that the jury instructions for the 1512(c)(1) counts (which are numbered as Counts 5 and 6) should specify that the defendants are specifically charged with erasing and obscuring the DC Brigade Telegram chat. The Government also proposes that the instruction for those Counts specify that the conduct occurred between on or about January 6, 2021, and February 19, 2021. The draft instructions at page 24 refer to the time period alleged in the indictment, but we understand that the Court agrees with the joint recommendation of the parties that the jury not be given the indictment, so we recommend specifying the date of the substantive charges in the jury instructions.
>
> At page 3, there is a paragraph about judicial notice, which the Government does not believe relates to this case, and which can be removed.
>
> At page 8, there are two paragraphs that reference statements in explanations of their actions by defendants Martinez, Kinnison, and Mele. The Government believes those paragraphs are correct because they encompass the statements by Martinez to the FBI and the testimony in court by Kinnison and Mele. There is a third paragraph that references statements made to the police by Martinez, Kinnison, and Mele. It begins with the sentence, "You have heard evidence that Mr. Warner, Mr. Martinez, and Mr. Mele made statements to the police about the crime charged." We believe the trial evidence only encompassed statements by Martinez to police, and that the references to Kinnison and Mele in this paragraph should be removed.
>
> The Government does not agree with Mr. Smith's requests, on behalf of defendant Martinez, to modify the proposed instruction on the conspiracy charge. The Government and the defendants also disagree with respect to limiting instructions. We will be prepared to address those issues with the Court in the morning.

1