UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-392-5 (RCL) |
| | : | |
| **DEREK KINNISON,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' NOTICE OF PRETRIAL RELEASE VIOLATION AND REQUEST FOR HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this notice of a pretrial release violation by Defendant Derek Kinnison and requests the Court hold a hearing regarding the violation.

### BACKGROUND

**I.    The Charges, Trial, and Verdict Against Defendant Kinnison**

On June 10, 2021, Defendant Kinnison was arrested pursuant to an indictment and arrest warrant. ECF Nos. 1, 20. On June 14, 2021, Defendant Kinnison appeared before this Court for an arraignment, at which he pleaded not guilty. June 14, 2021 Minute Entry. A superseding indictment was returned in this matter on December 1, 2021, ECF No. 89, and a second superseding indictment was returned on May 10, 2023, ECF No. 210. Beginning October 12, 2023, Defendant Kinnison, along with his codefendants, was tried before a jury in this matter. Minute Entry of October 12, 2023. On November 8, 2023, Defendant Kinnison was found guilty of all counts: 18 U.S.C. § 1512(k) (Conspiracy To Obstruct an Official Proceeding), 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding), 18 U.S.C. § 1512(c)(1) (Tampering with Documents or Objects), 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building

1

or Grounds), and 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds).  Minute Entry of November 8, 2023.

## II.     Defendant Kinnison's Conditions of Release

At his June 14, 2021 arraignment, the Court issued an order setting conditions of release with respect to Defendant Kinnison.  ECF No. 21.  Among other conditions, the Court required Defendant Kinnison to "submit to supervision by and report for supervision to the Central District of California as directed," and "notify the Central District of California in advance of any and all travel outside the Central District of California."  *Id.*  On July 18, 2023 and October 2, 2023, the Pretrial Services Agency for the District of Columbia filed status reports requesting no changes in Defendant Kinnison's conditions of release.  ECF Nos. 279, 333.  Following the guilty verdict, Defendant Kinnison was continued on the same conditions of release as previously imposed.  On November 16, 2023, the Court granted an unopposed motion from Defendants Kinnison and Warner that their conditions be modified to allow them to attend the same Bible study group.  ECF No. 382.

## III.    Defendant Kinnison's Recent False Statements

On February 8, 2024, the United States received a report from a community member that Derek Kinnison attended a rally with the "Take Our Border Back" convoy ("the Rally"), in San Ysidro, CA, near the U.S.-Mexico border on Saturday, February 3, 2024.  According to the Take Our Border Back Convey website,[1] the event was set to take place 9 AM PT–11 AM PT at San Ysidro Athletic Area Larsen Field 455 Sycamore Rd, San Ysidro, CA 92173.  According to public reporting, the event took place as planned on that date.[2]

---

[1] Take Our Border Back Convoy, https://takeourborderback.com/ (last visited February 14, 2024).
[2] Kelvin Henry, "'Take Our Border Back' Convoy Holds Rally in San Ysidro," NBC SAN DIEGO, Feb. 3, 2024, *available at* https://www.nbcsandiego.com/news/local/take-our-border-back-



San Ysidro, CA is a district of San Diego, CA, in the Southern District of California. Accordingly, to attend the Rally, Defendant Kinnison was required, by this Court's order, to provide advance notice to the Central District of California. ECF No. 21 ("notify the Central District of California in advance of any and all travel outside the Central District of California"). Based on conversations with Defendant Kinnison's Pretrial Services Officer, the United States understands that Defendant Kinnison provided notice that he was planning to travel out of the Central District of California for a job in San Diego, California. Defendant Kinnison stated he would be traveling and working in the parking lot of the Westfield Plaza Bonita, which is approximately 9 miles from the location of the Rally. Defendant Kinnison did not inform his

---

convoy-holds-rally-in-san-ysidro/3424629/ (last visited February 14, 2024) (hereinafter "the NBC News Article"); Esmeralda Perez, "'Take Our Border Back' Convoy Comes to San Ysidro Border, Met by Counter Protestors, CBS 8, Feb. 3, 2024, *available at* https://www.cbs8.com/article/news/-local/immigration-concerns-national-convoy-counter-protestors-san-ysidro/509-1560e8f9-066e-46f6-8815-6fbfb23624cc (last visited February 14, 2024).

Pretrial Services Officer that he would be attending the Rally or that he would be traveling to San Ysidro.

The United States has reviewed a video, provided by a community member, that corroborates Defendant Kinnison's presence at the Rally on February 3, 2024. The United States will provide the video to the Court as Exhibit 1. At 0:39 into Exhibit 1, Defendant Kinnison appears slightly right of center of the frame, standing between bleachers and a recycling can. Behind him is a baseball field, with a sign on the fence that reads "TakeOurBordersBack.com" in yellow and white, on a blue background. Exhibit 1 (0:39).



At 1:05 into Exhibit 1, to the right of where Mr. Kinnison is seen standing, there is a sign that reads "Video and Audio Recording in Progress." Above that notice is a logo that reads, "Take our border back convoy." Exhibit 1 (1:05).

4



The NBC News Article contains a video, which shows certain scenes from the Rally. If this video is compared to the Exhibit 1, it appears they depict the same event. For example, in the below still, which is the initial still from the video included with the NBC News Article, the blue-yellow-and-white sign can be seen on the fencing of a baseball field on the far right.



A group protesting what they call an open border gathered in San Ysidro. The protest is part of demonstrations happening at various ports of entry across the country. NBC 7's Kelvin Henry reports on Feb. 3, 2024.

At 1:06 in the NBC News Article video, the signage can be seen more clearly, with the same audio/visual recording signs attached to the back of the bleachers as seen in Exhibit 1.



After his Pretrial Services Officer was provided this information, on February 13, 2024, she asked Defendant Kinnison to provide further information regarding the job he had worked on February 3, 2024. Defendant Kinnison stated that he was helping a friend of a friend work on a car in the parking area of the Westfield Plaza Bonita. When asked if he went anywhere after, Defendant Kinnison stated that he met with friends for lunch. Again, he did not inform his Pretrial Services Officer that he attended the Rally.

## ARGUMENT

I.  **Legal Standard**

   A.  **Release Pending Sentencing**

Defendant Kinnison is pending sentencing on three felony charges: 18 U.S.C. § 1512(k) (Conspiracy To Obstruct an Official Proceeding), 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding), 18 U.S.C. § 1512(c)(1) (Tampering with Documents or Objects). Under Section 3143, a defendant "shall" be detained pending sentencing "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" under conditions. 18 U.S.C. § 3143(a)(1).

   B.  **Revocation of Release**

"A person who has been released under [18 U.S.C. § 3142], and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Under the Bail Reform Act, in the case of a violation of the conditions of pretrial release, the United States may move for revocation of an order of release. 18 U.S.C. § 3148(b). "A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in

accordance with this section." *Id.* Following a hearing, the Court may order the defendant's release revoked and that the defendant be detained if the Court finds "clear and convincing evidence that the person has violated any other condition of release" and that either (A) "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or (B) "the person is unlikely to abide by any condition or combination of conditions of release." *Id.*

## II. Request for Hearing

Defendant Kinnison's false statements to his Pretrial Services Officer ("PSO") are concerning. The Court has crafted conditions of release for Defendant Kinnison that afford him great flexibility. The conditions even permit Defendant Kinnison to travel outside his district of supervision, provided that he takes the simple precautionary step of notifying his PSO that he will be doing so. Likewise, no conditions prevent Defendant Kinnison from attending a rally—even a rally outside of his district of supervision—provided that he provide that notice. Had Defendant Kinnison simply told his PSO the truth and attended the Rally following notice, there would be no violation. But Defendant Kinnison chose to gratuitously lie to his PSO to obscure his true location and intention.

Defendant Kinnison's lies violate the most foundational conditions of his release: that he "submit to supervision" and that he "comply with courtesy supervision of the Central District of California." ECF No. 21. There is no express condition requiring that Defendant Kinnison not lie to or mislead his PSO, but candor to his PSO is the foundation on which all his conditions are based. If Defendant Kinnison were allowed to lie with impunity, his supervision would be a feckless nullity. By virtue of his lies, Defendant Kinnison also violated the condition to "notify the Central District of California in advance of any and all travel outside the Central District of

8

California." *Id.* The notice provided here, which omitted the true purpose of Defendant Kinnison's trip to the U.S.-Mexico border is as good as no notice at all, as a fraudulent notice defeats the goals of supervision.

On the basis of these violations, the United States requests that the Court schedule a hearing as soon as possible to address what, if any, appropriate consequences should follow, pursuant to 18 U.S.C. §§ 3143(a)(1) and 3148(b), from these violations. The United States would not oppose any request by Defendant Kinnison for the hearing to take place remotely.

## CONCLUSION

For these reasons, the Court should hold a hearing to address the pretrial release violation by Defendant Kinnison and to consider appropriate next steps, pursuant to 18 U.S.C. §§ 3143(a)(1) and 3148(b).

Date: February 15, 2024

                                        Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

By:    */s/ Anthony W. Mariano*
        ANTHONY W. MARIANO
        MA Bar No. 688559
        JASON M. MANNING
        NY Bar No. 4578068
        TERENCE A. PARKER
        NY Bar No. 5775192
        Trial Attorneys, Detailees
        Capitol Siege Section
        United States Attorney's Office
        for the District of Columbia
        601 D Street N.W.

Washington, DC 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov
(202) 803-1600
Terence.Parker3@usdoj.gov