IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA, )
)
)
Plaintiff, ) CRIMINAL NO. 21-392
)
v. ) Monday, June 14, 2021
)
DEREK KINNISON, ) **FTR PROCEEDINGS [3:24:38-3:32:44]**

Defendant.
______________________________
_

**TRANSCRIPT OF INITIAL APPEARANCE/ARRAIGNMENT**

**BEFORE THE HONORABLE ZIA M. FARUQUI**
**UNITED STATES MAGISTRATE JUDGE**

---

APPEARANCES:

For U.S.A. UNITED STATES ATTORNEY'S OFFICE
BY: JACOB STEINER, AUSA
555 4th Street, NW
Washington, DC 20530
(202) 252-6782
Email: Jacob.steiner@usdoj.gov

For Defendant NICOLAI COCIS, ESQ.
LAW OFFICE OF NICOLAI COCIS
25026 Las Brisas Road
Murrieta, CA 92562
951-695-1400
Email: Nic@cocislaw.com

Pretrial Service ANDRE SIDBURY, PSO
PRETRIAL SERVICES AGENCY

---

COURT REPORTER: CHANDRA R. KEAN, RMR
Official Court Reporter
333 Constitution Avenue, NW
Washington, DC 20001

**PROCEEDINGS**

(Court called to order at 3:24:38 p.m.)

THE COURT: All right. Ms. Lavigne-Rhodes, do you want to go ahead and call the final matter?

DEPUTY COURTROOM CLERK: Yes, Your Honor. This is criminal case 21-392, the United States of America vs. Derek Kinnison, Defendant No. 5. And this matter is set for initial appearance and arraignment.

Parties, please introduce yourselves for the record, starting with the government.

MR. STEINER: Good afternoon, again, Your Honor. Jacob Steiner for the United States. I'm standing in for Risa Berkower and Katherine Nielsen this afternoon.

MR. COCIS: Good afternoon, Your Honor. Nicolai Cocis on behalf of Mr. Kinnison. Mr. Kinnison is present with me, out of custody. He waives his right to be present in court and agrees to be -- to have this hearing via video or phone.

THE COURT: Thank you so much. And tell me your last name again, please.

MR. COCIS: Cocis.

THE COURT: Cocis. Thank you, Mr. Cocis.

And I believe your -- are you retained in this matter?

MR. COCIS: I apologize. I am retained, yes.

THE COURT: I thank you for your patience. I apologize. No one likes to go last. I'm sorry that you had to sit through all of that, but I appreciate your patience. So thank you for covering all those issues.

I'll note that you are retained and that we appreciate your waiving your client's appearance.

Mr. Steiner, what are the conditions of release you're seeking here?

MR. STEINER: Your Honor, the government is requesting the same conditions of release as the prior codefendant, that would include the standard conditions of release that I've listed earlier during the joint session, as well as the defendant not have any contact with victims, witnesses, or codefendants, except in the presence of counsel.

Second, that the defendant surrender his passport and not obtain a new passport or other international travel document during the pendency of this case.

THE COURT: Thank you.

Mr. Sidbury, anything you want to add from your end?

MR. SIDBURY: No, Your Honor.

THE COURT: Thank you, sir.

Mr. Cocis, any concerns, issues?

MR. COCIS: Your Honor, Mr. Kinnison has already surrendered his passport on Friday to Pretrial Services, so I'm letting the Court know that he's done that.

The second point is -- as far as the no contact with defendant Mele, the two attend the same church. They have been attending it for the past year, although they don't plan on having any kind of contact because the case is ongoing. However -- they don't attend the same service, but they do attend separate services so they may have run-ins with each other.

I don't want the government to misconstrue that.

THE COURT: No, that seems imminently reasonable for them to be in the same building. However, just, you know -- they're both under the condition to try to avoid each other, so it helps when it's not just one party, that way it should be easy -- that both are there.

But Mr. Steiner, any concerns with that on your end?

MR. STEINER: No, Your Honor. It sounds like through happenstance or purpose the defendant -- either defendant are already taking steps to minimize their exposure. So obviously they should not have any in-person or direct or indirect contact, but it sounds

like they're doing their best to -- so I appreciate that being put on the record.

Thank you.

THE COURT: Thank you so much, Mr. Cocis. Thank you for being so thorough and made sure to point that out.

So anything else on your end or I think -- are we good to swear the defendant on conditions of release?

MR. COCIS: We're good to swear him in.

THE COURT: Okay. Thank you so much.

Mr. Kinnison, I'm just going to ask you the same few questions I've asked everyone. I'm sure by now you know them as well as I do.

I just want to first confirm that you're going to follow the conditions of release.

THE DEFENDANT: Yes, sir. I understand.

THE COURT: Okay. You understand them -- the conditions as well?

THE DEFENDANT: Yes, I do, sir. Thank you.

THE COURT: Great. And you understand the consequences of failing to comply with them?

THE DEFENDANT: Yes, Your Honor, I understand.

THE COURT: Okay, great.

Mr. Lavigne-Rhodes, if you could swear the defendant in, please.

12:08:02 DEPUTY COURTROOM CLERK: Mr. Kinnison, please
12:08:04 raise your right hand.
12:08:05 Do you solemnly swear to abide by the conditions of
12:08:08 your release as set forth by this Court, so help you
12:08:12 God?
12:08:12 THE DEFENDANT: I do.
12:08:15 DEPUTY COURTROOM CLERK: Thank you.
12:08:15 (Defendant sworn)
12:08:18 THE COURT: Thank you so much.
12:08:21 So I want to find out hopefully -- Mr. Cocis, we
12:08:27 have two things left, is the arraignment and getting
12:08:30 your next date in terms of speedy trial. I know we have
12:08:36 the date.
12:08:37 Can you confirm whether you have a position, object
12:08:39 or consent to the speedy trial exclusion request?
12:08:43 MR. COCIS: I consent to the timing of the -- I
12:08:49 apologize, Your Honor. It's been a long day -- to
12:08:51 putting a stop on the clock.
12:08:55 THE COURT: Perfect. Okay. Thank you so
12:08:57 much.
12:08:58 So I find it's in the interest to exclude the time
12:09:02 between now and the August date for the next hearing. I
12:09:09 think doing so outweighs the rights of the defendant and
12:09:11 the public to a speedy trial for the reasons stated by
12:09:13 Mr. Steiner at the joint session, which I adopt here and

12:09:17 is the basis for that exclusion. Again, you have the right to bring that back up at your next hearing as to whether or not you think it's appropriate to continue to consent or object to any sort of delay, future delays.

12:10:18 MR. COCIS: We're also ready to arraign Mr. Kinnison, if that's what the Court was going to do next.

12:10:24 THE COURT: Yes. So next we're going to arraign the defendant.

12:10:28 So Mr. Kinnison, you've heard me explain what the arraignment is and go over the counts in the indictment with everybody. And I'm going to do the same for you.

12:10:36 First, I want to confirm with your counsel that he's had an opportunity -- Mr. Cocis -- to review the indictment with your client?

12:10:44 MR. COCIS: Yes, Your Honor.

12:10:46 THE COURT: Great. And you waive formal reading of the indictment?

12:10:49 MR. COCIS: I do.

12:10:50 THE COURT: Great. We'll still go through the indictment then, similar to what we do with others.

12:11:05 So as I see this, sir, you have been charged in the first count of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. 1512(k) with a maximum term of imprisonment of up to 20 years in jail,

a fine of up to $250,000, or both. In addition, you could be subject to three years of supervised release;

One count of obstruction of official proceeding in violation of 18 U.S.C. 1512(c) with a maximum term of imprisonment of up to 20 years in jail, a fine of up to $250,000, or both. Again, that carries with it a period of three years of supervised release;

Then we have a count charging you with entering or remaining in a restricted building in violation of 18 U.S.C. 1752(a)(1) and (b)(1)(A). It carries with it a period of imprisonment of not more than a year, $500,000, or both. In addition, the Court could enter a period of supervised release of more than a year;

And then a charge of Title 18 U.S.C. 1752(a)(2) and (b)(1)(A). It carries with it the same penalties as the previous charge. Again, that's entering and remaining in a restricted building;

And finally, one count of tampering, that is -- make sure I have the right -- Count 7, tampering with documents or proceedings in violation of 18 U.S.C. 1512(c)(1). It carries a term of imprisonment of up to 20 years in jail, a fine of up to $250,000, or both. In addition, the Court could impose a term of up to three years of supervised release.

Mr. Cocis, how does the defendant plead as to the

charged counts in the indictment?

MR. COCIS: Not guilty.

THE COURT: Thank you so much.

So Mr. Kinnison, again, I can't stress it enough. It's very important that you as a presumed innocent person have the opportunity to enter your plea of not guilty, and that's what I will formally now do as to all counts that I've just described in the indictment.

You will have the opportunity, just like everyone else, to go before Judge Lamberth and decide how it is you want to mount your defense in this case.

Mr. Cocis, anything else on your end?

MR. COCIS: No, Your Honor. Thank you.

THE COURT: Okay, great.

Mr. Steiner, anything else on your end?

MR. STEINER: No, Your Honor. Thank you.

THE COURT: Great. Mr. Sidbury?

MR. SIDBURY: No, Your Honor. Thank you.

THE COURT: Okay. Thank you so much. The parties, everybody is excused. Thanks for your patience getting this done. I appreciate it.

Take care everybody.

(Proceedings concluded at 3:32:44 p.m.)

- - -

This hearing was held via FTR/videoconference and is, therefore, subject to the limitations associated with sound/audio quality while using technology, i.e., muffle sounds, slow connection, static interference, overlapping speakers, etc.

- - -

CERTIFICATE

This document is hereby certified to be a true and correct transcript of the foregoing FTR proceedings transcribed to the best of my ability.

/s/ Chandra R. Kean, RMR      August 13, 2024